IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TRISHA A. JACKMAN,<br><br>                    Plaintiff,<br><br>vs.<br><br>FRANK J. BISIGNANO,<br>Commissioner of Social Security,<br><br>                    Defendant. | CV 24-173-BLG-TJC<br><br><br>**ORDER** |

Plaintiff Trisha A. Jackman ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 405(g) of the Social Security Act, requesting judicial review of the final administrative decision of the Commissioner of Social Security ("Commissioner") regarding the denial of her claim for disability insurance benefits and supplemental security income benefits.  (Doc. 2.)  The Commissioner subsequently filed the Administrative Record ("A.R.").  (Doc. 7.)

Presently before the Court is Plaintiff's motion for summary judgment, seeking reversal of the Commissioner's denial of disability benefits and remand for an award of disability benefits, or alternatively for further administrative proceedings.  (Doc. 11.)  The motion is fully briefed and ripe for the Court's review.  (Docs. 12, 17, 20.)

/ / /

1

For the reasons set forth herein, and after careful consideration of the record and the applicable law, the Court finds the ALJ's decision should be **AFFIRMED**.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed an application for disability insurance benefits and supplemental security income on January 29, 2019.  (A.R. 34.)  A hearing was held before an Administrative Law Judge on March 30, 2021, (A.R. 88–131) and a decision finding Plaintiff not disabled was issued on July 19, 2021.  (A.R. 228–41.)  Plaintiff appealed that decision to the Appeals Council, which remanded Plaintiff's case for consideration of evidence inaccurately marked as duplicate in the electronic record, proper evaluation of Plaintiff's right shoulder and neck impairment, and evaluation of opinion evidence from Tylene A. Merkely, LCPC.  (A.R. 250–52.)

On remand, a hearing was held before Administrative Law Judge Michele Kelley ("the ALJ") on September 12, 2023.  (A.R. 44–72.)  On December 5, 2023, the ALJ issued a written decision finding Plaintiff not disabled.  (A.R. 17–34.)  Plaintiff requested review of the decision, and the Appeals Council denied Plaintiff's request.  (A.R. 1–3.)  Thereafter, Plaintiff filed the instant action.  (Doc. 2.)

/ / /

/ / /

2

## II.    LEGAL STANDARDS

### A.    Scope of Review

The Social Security Act allows unsuccessful claimants to seek judicial review of the Commissioner's final agency decision.  42 U.S.C. §§ 405(g), 1383(c)(3).  The scope of judicial review is limited.  The Court must affirm the Commissioner's decision unless it "is not supported by substantial evidence or it is based upon legal error."  *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998).

"Substantial evidence is more than a mere scintilla but less than a preponderance."  *Id.* (citing *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997)).  "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion."  *Flaten v. Sec'y of Health & Hum. Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).  In considering the record as a whole, the Court must weigh both the evidence that supports and detracts from the ALJ's conclusions.  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975).  The Court must uphold the denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Flaten*, 44 F.3d at 1457 ("If the evidence can reasonably support either

affirming or reversing the Secretary's conclusion, the court may not substitute its judgment for that of the Secretary."). But even if the Court finds that substantial evidence supports the ALJ's conclusions, the Court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching a conclusion. *Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978) (quoting *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968)).

**B.    Determination of Disability**

To qualify for disability benefits under the Social Security Act, a claimant must show two things: (1) the claimant suffers from a medically determinable physical or mental impairment that can be expected to last for a continuous period of twelve months or more, or would result in death; and (2) the impairment renders the claimant incapable of performing the work she previously performed, or any other substantial gainful employment which exists in the national economy. 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A). A claimant must meet both requirements to be classified as disabled. *Id*.

The Commissioner makes the assessment of disability through a five-step sequential evaluation process. If an applicant is found to be "disabled" or "not disabled" at any step, there is no need to proceed further. *Ukolov v. Barnhart*, 420 F.3d 1002, 1003 (9th Cir. 2005) (quoting *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000)). The five steps are:

1. Is claimant presently working in a substantially gainful activity? If so, then the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2. Is the claimant's impairment severe? If so, proceed to step three. If not, then the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3. Does the impairment "meet or equal" one of a list of specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f).

5. Is the claimant able to do any other work? If so, then the claimant is not disabled. If not, then the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

*Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

Although the ALJ must assist the claimant in developing a record, the claimant bears the burden of proof during the first four steps, while the Commissioner bears the burden of proof at the fifth step. *Tackett v. Apfel*, 180 F.3d 1094, 1098, n.3 (9th Cir. 1999) (citing 20 C.F.R. § 404.1512(d)). At step five, the Commissioner must "show that the claimant can perform some other work that exists in 'significant numbers' in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id*. at 1100 (citing 20 C.F.R. § 404.1560(b)(3)).

## III.   THE ALJ'S FINDINGS

The ALJ followed the five-step sequential evaluation process in considering Plaintiff's claim.  First, the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date of December 18, 2018, through her date last insured of December 31, 2020.  (A.R. 20.)

Second, the ALJ found that Plaintiff had the following medically determinable severe impairments: cervical degenerative disc disease, a brachial plexus injury, obesity, anxiety, depression, bipolar disorder, a borderline personality disorder, and post-traumatic stress disorder.  (A.R. 21.)

Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  (A.R. 21–25.)

Fourth, the ALJ concluded Plaintiff has the RFC to:

[P]erform light work as defined in 20 CFR 404.1567(b): the claimant was able to lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently. She was able to walk and stand about six hours in an eight-hour workday with normal work breaks. She was able to sit about six hours in an eight-hour workday with normal work breaks. Normal work breaks are defined as occurring every two hours with two breaks lasting at least 10 minutes and one break lasting at least 30 minutes. The claimant was able to frequently reach overhead with the bilateral upper extremities. The claimant had no limitations in her ability to climb ramps and stairs. She was able to frequently climb ladders, ropes, and scaffolds. She had no limitations in her ability to balance, stoop, kneel, crouch, and crawl. The claimant was to avoid even moderate exposure to fumes, odors, dusts, gases, and poor ventilation. The claimant was able to understand, remember, and carry

out simple tasks. She was able to maintain attention, concentration, persistence, and pace for such tasks for eight-hour workdays and 40-hour workweeks. She was precluded from performing work requiring a fixed or fast production rate pace but was able to perform goal-oriented work. She was able to tolerate occasional interactions with supervisors, coworkers, and members of the public. She is precluded from working in tandem with coworkers. She is not required to interact with members of the public as part of her job duties. She was able to tolerate usual work situations. She was able to tolerate occasional changes in the routine work setting.

(A.R. 25.)

The ALJ next found that Plaintiff was unable to perform any past relevant work, but there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (A.R. 32–34.)  Thus, the ALJ found that Plaintiff was not disabled.  (A.R. 34.)

## IV.   DISCUSSION

Plaintiff presents the following issues for review: (1) whether the ALJ failed to consider the combined effect of Plaintiff's multiple impairments; (2) whether the ALJ erred in failing to discuss why she rejected significant probative evidence supporting a finding of disability; (3) whether the ALJ erred in evaluating evidence regarding Plaintiff's functional abilities; and (4) whether the ALJ erred in finding Plaintiff capable of work.

### A.   Consideration of the Combined Effects of Plaintiff's Impairments

Plaintiff argues that the ALJ erred by failing to consider the combined effect of all of Plaintiff's impairments.  (Doc. 12 at 9.)  Specifically, Plaintiff argues the

ALJ did not conduct "any analysis stating how she considered the multiple severe impairments in combination, as required by CFR § 404.1523(b)-(c) and [relevant caselaw]." (*Id.* at 12.)  Plaintiff argues, therefore, that remand is required "for consideration of the combined effects of [Plaintiff's] multiple impairments and a specific finding as to the effect of the combination of impairments on her ability to perform substantial gainful activity." (*Id.* at 13.)

The Commissioner contends that the ALJ appropriately considered all of Plaintiff's impairments.  The Commissioner further argues that Plaintiff failed to meet her burden of offering a theory as to how the impairments in combination would meet the criteria for a listed impairment.  (Doc. 17 at 6–7.)

The first regulation Plaintiff cites, C.F.R. § 404.1523(b), requires consideration of whether the combined effect of two or more concurrent impairments that may not on their own qualify as severe can, in combination, meet the twelve-month test to qualify as severe at step two.  This regulation is not particularly pertinent here.  Step two of the sequential evaluation process is a "de minimus screening device to dispose of groundless claims." *Nicholson v. Colvin*, 106 F. Supp. 3d 1190, 1194 (D. Or. 2015).  Any error at step two is generally harmless when other impairments are found to be severe, and the ALJ continues to subsequent steps. *Id.* at 1196.  Here, the ALJ found at step two that Plaintiff has multiple impairments that individually qualify as severe and thus continued with

8

the evaluation process.  Any error at step two was harmless.

The other regulation cited by Plaintiff, C.F.R. § 404.1523(c), requires that, when the Commissioner finds a medically severe combination of impairments, consideration be given to "the combined impact of [a claimant's] impairments throughout the disability determination process."  As recognized by the Ninth Circuit, "[w]hen a claimant suffers from multiple impairments, the Commissioner must consider their combined effect in determining whether the claimant is disabled."  *Macri v. Chater*, 93 F.3d 540, 545 (9th Cir. 1996).  "The failure of an ALJ to consider the combined effects of all a claimant's impairments constitutes cause for remand."  *Gray v. Califano*, 448 F. Supp. 1142, 1144 (S.D. Cal. 1978).

Plaintiff appears to argue that the ALJ failed to consider the combined impact of her impairments in determining whether she met a listing impairment. "At step three of the sequential evaluation process, the ALJ determines whether a claimant's impairment or combination of impairments meet or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1."  *Mathews v. Colvin*, 170 F. Supp. 3d 1277, 1280 (E.D. Cal. 2016)  If a claimant meets or equals a listed impairment, the claimant is per se disabled.  20 C.F.R. § 416.920(d).

The ALJ is required to adequately explain whether a claimant's combination of impairments establishes equivalence to a listing at step three.  *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).  Nevertheless, since the claimant bears

the burden at step three, "[a]n ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." *Burch*, 400 F.3d at 683; *compare Lewis v. Apfel*, 236 F.3d 503, 512–14 (9th Cir. 2001) *with Lester v. Chater*, 81 F.3d 821, 828–31 (9th Cir. 1995); *see also Davis v. Shalala*, 862 F. Supp. 1, 7 (D.D.C. 1994) (reversible error found where the ALJ, in addition to failing to adequately explain their reasons for determining claimant's impairments individually did not meet listing criteria, also "failed even to address the evidence in the record indicating that the *combination* of the Plaintiff's severe impairments meets or equals [a listing]." (emphasis in original)).

In *Lewis*, the court found the ALJ did not err by failing to consider whether the claimant's combination of impairments were equivalent to a listing because the claimant "offered no theory, plausible or otherwise, as to how his seizure disorder and mental retardation combined to equal a listed impairment. Nor has he pointed to evidence that shows that his combined impairments equal a listed impairment." 236 F.3d at 514.  In *Lester*, on the other hand, the court found error as a matter of law where the ALJ considered the effects of the claimant's physical and mental impairments in isolation despite findings in the record from medical experts that the claimant's mental impairment had both psychological and physical components

that could not be easily separated.  81 F.3d at 829–30.

Here, the ALJ properly considered the combination of Plaintiff's impairments at step three.  Specifically, the ALJ considered the effects of Plaintiff's obesity on both her physical and mental impairments.  (A.R. 22.)  The ALJ also evaluated the effects of Plaintiff's mental impairments in combination, rather than singly.  (A.R. 22–25.)  While the ALJ evaluated Plaintiff's cervical spine and right shoulder impairments in isolation from her mental impairments (A.R. 21), Plaintiff does not point to any record evidence that suggests Plaintiff's mental impairments have an effect on these physical impairments, or vice versa, such that the combined effects would cause Plaintiff to meet or equal the criteria for a listed impairment.  Nor does Plaintiff suggest a theory as to how these mental and physical impairments in combination would meet a listing.  Thus, the ALJ did not err by failing to evaluate whether the combined effects of Plaintiff's physical and mental impairments meet a listing.

The ALJ is also required to adequately explain their consideration of the combined effects of a claimant's multiple impairments when assessing the RFC. *Biship v. Kijakazi*, 2022 WL 17730094, at *4 (D. Mont. Dec. 16, 2022).  In her decision here, the ALJ properly considered the combination of Plaintiff's impairments when determining the RFC.  The ALJ referenced and evaluated the combined effects of Plaintiff's impairments multiple times in her assessment of the

11

RFC and adequately explained how the RFC accounts for the effects of all of Plaintiff's medically determinable impairments.  (*See* A.R. 26–28, 30.)

The Court, therefore, finds that the ALJ properly considered the combined effects of Plaintiff's multiple impairments in her determination of non-disability.

## B.      Rejection of Probative Evidence in the Record

Plaintiff argues that the ALJ rejected probative evidence in the record regarding her limitations and failed to provide an explanation for doing so.  (Doc. 12 at 14–18.)  Specifically, Plaintiff alleges that in considering how her impairments impact her ability to concentrate and interact with others, the ALJ did not appropriately account for evaluations from Marcia Taylor PMHNP-BC and Sherri Kenck, MSW LCPC.  (*Id.*)  Plaintiff quotes extensively from the findings of these medical providers in support of her contention that the ALJ did not adequately consider evidence of her limitations.  (*Id.* at 15–17.)

An ALJ need not discuss all the evidence presented in the record, but "must explain why 'significant probative evidence has been rejected.'"  *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)).  The ALJ is required to consider medical opinions according to the following factors: supportability, consistency, relationship with the claimant, specialization, and other factors such as the medical source's familiarity with other evidence in the claim or understanding of the

12

disability program requirements.  20 C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5).  The two most important factors are supportability and consistency, and the ALJ must explain how those factors were considered in the decision.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  The ALJ is generally not required to explain how the remaining factors were considered, except when deciding among differing, yet equally persuasive opinions or findings on the same issue.  *Id.*  "[A]n ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence."  *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).

In the present case, contrary to Plaintiff's assertions, the ALJ specifically addressed Taylor and Kenck's findings and adequately explained her reasons for rejecting their conclusions.  (A.R. 31.)

With respect to Kenck, the ALJ found Kenck's opinion that Plaintiff's concentration difficulties would prevent her from engaging in employment to be inconsistent with the normal concentration findings documented in the record after August 2019.  (A.R. 31.)  Thus, the ALJ properly considered the consistency of Kenck's opinions with the record evidence.  There is substantial evidence in the record to support the ALJ's finding.  (*See* A.R. 1336, 1338, 1340, 1342, 1344 (findings that Plaintiff had intact concentration/focus at appointments with Kenck in August and September of 2019).)

The ALJ also found Kenck's opinion regarding Plaintiff's ability to engage in employment to be a question reserved for the Commissioner. (A.R. 31.) Statements from medical providers about whether a claimant is capable of work are "neither valuable nor persuasive to the issue of whether [a claimant is] disabled" because the Commissioner is solely responsible for making disability determinations. 20 C.F.R. § 416.920b(c)(3)(i). Accordingly, the ALJ does not need to "provide any analysis about how [she] considered such evidence in [the] determination or decision. . . ." *Id.* Therefore, the ALJ did not err in disregarding Kenck's opinion that Plaintiff's concentration difficulties would prevent employment.

The ALJ also found Taylor's opinions unpersuasive because they were vague and did not provide specific functional limitations. (A.R. 31.) The ALJ also found Taylor's opinions regarding Plaintiff's mental limitations to be inconsistent with the normal mental status findings from Taylor's own examinations of the Plaintiff. (A.R. 31; *see also* citations to the record at A.R. 28.) Moreover, the ALJ found that Taylor's opinions were inconsistent with other mental status examinations in the record as well as Plaintiff's activities of daily living. (A.R. 31.) Thus, the ALJ directly addressed the supportability and consistency of Taylor's opinions in contrast with the record evidence. Again, there is substantial evidence in the record to support the ALJ's findings. (*See* A.R. 1652, 1659, 1767,

1774, 1785, 1791, 1797, 1803, 1809, 3229, 3236 (findings that Plaintiff had cooperative behavior, euthymic mood, congruent affect, fair judgment/insight, average intellectual functioning, memory within normal limits, and intact attention/concentration at appointments with Taylor between December 2019 and December 2020).)

Additionally, the ALJ found that Plaintiff had moderate impairment in the mental functions discussed by Taylor and Kenck, including her ability to understand, remember, apply information, interact with others, concentrate, and adapt or manage herself.  (A.R. 23–24.)  The ALJ also incorporated those impairments into the RFC by recognizing that Plaintiff is able to understand, remember, and carry out simple tasks; precluding her from performing work requiring fixed or fast production; providing for only occasional interactions with coworkers and the public; precluding her from working in tandem with coworkers; not requiring interacting with members of the public as part of her job duties; and providing for only occasional changes in her routine work setting.  (A.R. 25.)

Thus, the Court finds the ALJ did not err in rejecting probative evidence in the record regarding Plaintiff's mental impairments.

### C.      Evaluation of Plaintiff's Functional Abilities

Plaintiff points out that, in discussing Plaintiff's abilities and limitations, the ALJ made eight references to Plaintiff's ability to drive a motor vehicle, despite

uncontroverted and repeated evidence in the record that Plaintiff is unable to drive and does not even possess a driver's license. (Doc. 12 at 19–20.)[1]  Plaintiff argues that this is a "significant discrepancy," and that remand is warranted on the basis of this error alone, as "a mistaken belief of whether [Plaintiff] can drive by the ALJ would impact an opinion of how mobile she is on transportation and being able to get to places of employment."  (Doc. 12 at 20.)  The Commissioner does not dispute that an error was made but argues instead that it is harmless since the ALJ's findings are supported by other substantial evidence.  (Doc. 17 at 11.)

When error occurs, a reviewing court will inquire into whether "there remains 'substantial evidence supporting the ALJ's conclusions.'"  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)).  If the error "does not negate the validity of the ALJ's ultimate conclusion, such [error] is deemed harmless and does not warrant reversal."  *Id.* (internal punctuation and quotations omitted).  For instance, in *Batson*, the reviewing court found that the ALJ may have committed error in assuming that the claimant sat while watching television despite no evidence in the record to that effect, but that any such error

_____

[1] Plaintiff attributes this error to the fact that, in a Function Report, Plaintiff mistakenly checked a box for "Drive a car" instead of "Ride in a car."  (A.R. 607.) Another explanation is that the ALJ read the previous ALJ's remanded decision, which mentions Plaintiff's ability to drive ten times.  (*See* A.R. 232–37.)

was harmless "in light of the substantial evidence supporting the ALJ's [overall] conclusions." 359 F.3d at 1197.

Here, while the ALJ's repeated assertion that the Plaintiff can drive a car somewhat belies the ALJ's purported "careful consideration of all the evidence" (A.R. 19), the error was nevertheless harmless because the ALJ's ultimate conclusion is supported by other substantial evidence. Plaintiff's ability to drive a car was just one item in a long list of Plaintiff's abilities and activities which the ALJ found undermined claims about the severity of Plaintiff's limitations. (*See, e.g.,* A.R. 23 ("claimant also noted and stated she was able to live with others, handle her personal care, prepare meals, perform household chores, walk to get around, shop in stores, go camping, go rock hunting, watch YouTube videos, care for her cat, drive a motor vehicle, write to pen pals (in April 2020), conduct research on her medical conditions (in April 2019), run errands, and engage in exercise activity (in January 2020) from December 18, 2018, to December 31, 2020. In addition, the record shows that the claimant was able to provide information about her health, describe her prior work history, and respond to questions from medical providers during the period at issue.").) It is clear from a review of the ALJ's decision that Plaintiff's ability to drive was not afforded such evidentiary weight that its exclusion would negate the ALJ's overall conclusion that Plaintiff is not disabled. Nor is it apparent from the ALJ's decision that

17

Plaintiff's ability to drive in the context of her being able to reach places of employment was at all a factor in the determination of disability.  Thus, the ALJ's error was harmless on this basis as well.

In sum, because the ALJ's error about Plaintiff's ability to drive was harmless, remand on the basis of this error is not warranted.

### D.     Ability to Work

In the third hypothetical that the ALJ posed to the Vocational Expert ("VE"), the ALJ outlined a series of limitations which the VE opined would be work-preclusive.  (A.R. 69–70.)  Plaintiff argues that there is substantial evidence in the record to support a finding that the work restrictions posed by the ALJ in this hypothetical apply to Plaintiff.  (Doc. 12 at 20–23.)

In essence, Plaintiff asks this Court to substitute its judgment for that of the ALJ and find that Plaintiff meets the limitations described in the third hypothetical posed to the VE.  As previously mentioned, however, the Court's role is limited to considering whether the ALJ supported her conclusions with substantial evidence and did so in accordance with the applicable legal standards.  As discussed above, the Court has determined the ALJ adequately supported her reasons for determining the RFC and weighing the record evidence.  Accordingly, the hypotheticals the ALJ relied on properly accounted for all of Plaintiff's limitations that the ALJ found to be supported by evidence in the record.  The ALJ considered

the testimony of the VE and determined Plaintiff is capable of work.  (A.R. 33–34.)  Because the ALJ supported her conclusions with substantial evidence, in accordance with the appropriate legal standards, there is no basis for remand.

## V.   CONCLUSION

Based on the foregoing, **IT IS ORDERED** that the Commissioner's decision is **AFFIRMED**, and Plaintiff's motion for summary judgment (Doc. 11) is **DENIED**.

DATED this 24th day of March, 2026.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge